**Richard L. GAYER, Plaintiff,**

v.

**Melvin R. LAIRD et al., Defendants.**

**Civ. A. No. 174–71.**

United States District Court,
District of Columbia.

Sept. 28, 1971.

Dennis M. Flannery, Washington, D. C., for plaintiff.

Benjamin C. Flannagan, U. S. Dept. of Justice, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOHN H. PRATT, District Judge.

### Findings of Fact

1. Plaintiff is a 32 year old citizen of the United States. He is an electronics engineer with a Bachelor of Science degree from the Drexel Institute of Technology and a Master of Science degree from the University of Pennsylvania.

2. Plaintiff was first granted a SECRET clearance for work in private industry in 1961, and held such clearance until March, 1970, when it was suspended by defendants pursuant to Section V.B. of Department of Defense Directive 5220.6 of December 7, 1966.

3. Plaintiff is, and has been for a considerable period of time, an active homosexual and admits that he engages in homosexual acts.

4. On May 2, 1969, plaintiff completed the standard Department of Defense Personnel Security Questionnaire in the course of updating his clearance records. The application required the listing of organizational affiliations. Plaintiff listed thereon his membership in the Society for Individual Rights (SIR) and the Janus Society. On July 22, 1969, plaintiff was interviewed by a Special Agent of U. S. Army Intelligence. Plaintiff acknowledged his membership in these homo-phile organizations but refused to answer questions as to his homosexual activities on the ground that such were irrelevant to his eligibility for a security clearance. By letter dated October 8, 1969, plaintiff was advised that the Industrial Security Clearance Review Office had under consideration the matter of his current eligibility for a security clearance, and that the Screening Board had determined that a personal interview with him was necessary to a determination in his case. The Screening Board later determined that its purposes would be accomplished by plaintiff's answering the following written interrogatories:

"II.

"Have you ever engaged in any homosexual act(s) or any act(s) of sexual perversion with (an)other male person(s)?

"III.

"(If the answer to Question II. is 'Yes', answer the following):

"1. Name or describe the sexual acts engaged in with other male(s):

"2. Approximately how many such acts have occurred?

"3. Dates (approximate) or the period within which such acts have been engaged in:

"4. Where were such acts performed?

\*    \*    \*    \*    \*    \*

"6. What were the circumstances leading to the last such act? (Be specific as to where, when \* \* \* the act was performed)."

5. In response, plaintiff acknowledged that he was an active homosexual and intended to continue to engage in homosexual activity. He declined to disclose the details demanded in Paragraph III on the ground that they were private and were not needed by defendants for there to be an affirmative finding that he was qualified to safeguard classified information.

6. By letter dated March 13, 1970, from defendants' Deputy Assistant Secretary of Defense (Security Policy), plaintiff was informed that further processing of his security clearance had been discontinued and his security clearance suspended because of his "wilful failure or refusal to provide \* \* \* information" that defendants' Screening Board considered "essential to a well-informed

determination * * * " of whether it "is clearly consistent with the national interest to grant or continue" his security clearance.

### Conclusions of Law

1. The Court has jurisdiction over the parties and the subject matter.

 2. In normal circumstances, there is a right under the First Amendment for an individual to keep private the details of his sex life, and this applies to homosexuals, professed or otherwise. Norton v. Macy, 135 U.S.App. D.C. 214, 417 F.2d 1161 (1969); Scott v. Macy, II, 131 U.S.App.D.C. 93, 402 F.2d 644 (1968); Petition for Labady, 326 F.Supp. 924 (S.D.N.Y.1971); Morrison v. State Board of Education, 1 Cal. 3d 214, 82 Cal.Rptr. 175, 461 P.2d 375 (1969). See Mindel v. United States Civil Service Commission, 312 F.Supp. 485 (N.D.Cal.1970).

3. In connection with professed homosexuals, a category into which plaintiff falls, where a man has admitted that he is a homosexual and will continue to be one, there must be proof of a nexus between that condition and his ability effectively to protect classified information. Adams v. Laird, 136 U.S. App.D.C. 388, 420 F.2d 230 (1969), cert. denied, 397 U.S. 1039, 90 S.Ct. 1360, 25 L.Ed.2d 650 (1970); Norton v. Macy, *supra*; Scott v. Macy, I, 121 U.S.App.D. C. 205, 349 F.2d 182 (1965); Scott v. Macy, II, *supra*; McConnell v. Anderson, 316 F.Supp. 809 (D.Minn.1970); Morrison v. State Board of Education, *supra*. See Clifford v. Shoultz, 413 F.2d 868, 878 n. 7 (9th Cir.), cert. denied, 396 U.S. 962, 90 S.Ct. 426, 24 L.Ed.2d 426 (1969); Mindel v. United States Civil Service Commission, *supra*.

4. In the context of the circumstances of plaintiff's case, the questions asked of plaintiff are a violation of his First Amendment right to privacy and lack the necessary nexus to a determination of whether plaintiff is effectively able to safeguard classified information.

5. The suspension of plaintiff's security clearance is set aside. Defendants may continue to review plaintiff's eligibility for continuation of his security clearance in accordance with their established procedures so long as they proceed on the basis of information which excludes the type of detail they have sought to elicit from plaintiff through the questions set forth at Finding 4.