Benning **WENTWORTH**, Plaintiff,

v.

Melvin R. **LAIRD** et al., Defendants.

Civ. A. No. 149–71.

United States District Court,
District of Columbia.

May 26, 1972.

Dennis M. Flannery, Washington, D. C., for plaintiff.

Garvin Lee Oliver, Benjamin C. Flannagan, U. S. Attys., for defendants.

## MEMORANDUM

JOHN H. PRATT, District Judge.

This is a suit for a declaratory judgment and injunctive relief for the purpose, among others, of setting aside defendants' withdrawal of plaintiff's SECRET security clearance as an employee of Bell Laboratories. After two hearings before an Examiner and two appeals to the defendants' Appeal Board, plaintiff, by letter dated July 17, 1970, was notified that his security clearance had been withdrawn because of the Appeal Board's determination that "it is not clearly consistent with the national interest to grant security clearance for the applicant, Benning Wentworth, at any level of classified defense information."

The standard that access to classified national defense information is to be permitted only when it is "clearly consistent with the national interest" is set forth in Executive Order 10865, Section 2. The Executive Order is implemented by Department of Defense Directive 5220.6 dated December 7, 1966, which lists some twenty-one criteria (Section VI) which "may, in the light of the surrounding circumstances, be the basis for denying or revoking a clearance." Among the criteria are the following:

"Any criminal, infamous, dishonest, immoral, or notoriously disgraceful conduct, habitual use of intoxicants to excess, drug addiction or sexual perversion." (Criterion P)

"Any facts or circumstances which furnish reason to believe that the individual may be subjected to coercion, influence or pressure which may be likely to cause action contrary to the national interest * * *" (Criterion S)

It is these criteria which plaintiff allegedly has not met and which are the basis

for the successive Determinations of the Examiner and the Appeal Board. The matter came before us on cross-motions by the parties for summary judgment. After a careful review of the entire record including the transcript of the two evidentiary hearings before the Examiner, the transcript of the two arguments before the Appeal Board, and the depositions of William J. Scanlon, Director of the Industrial Security Clearance Review Office (ISCRO) and Examiner Raymond A. Waldman, we grant plaintiff's motion for summary judgment. Heeding the comment of our Court of Appeals in Adams v. Laird, 136 U.S. App.D.C. 388, 392 n.2, 420 F.2d 230, 234 n.2 (1969), cert. denied 397 U.S. 1039, 90 S.Ct. 1360, 25 L.Ed.2d 650 (1970), we hereinafter set forth some of the reasons for our action.

■■ Admittedly, our function as a reviewing Court is to be exercised within narrow limits and we are not to determine *de novo* the merits of whether an applicant for security clearance is entitled to access. Since the grant or denial of clearance is an executive function, we have no authority to substitute our judgment for that of the executive officials who have the responsibility under the law to make such determinations. Our sole function is to determine whether or not the administrative process accorded a fair hearing in accordance with procedural due process. Bearing in mind the limited scope of our jurisdiction to review and after a reading of the entire record, we have concluded that plaintiff did not receive a fair and impartial adjudication.

■ *First,* the fact that plaintiff is an admitted on-going homosexual was accepted, without more, as being an adequate basis for the withdrawal of access. Aside from rather passing references to plaintiff's alleged "susceptibility as a target" for possible blackmail, it is clear that the Determinations of the Examiner and of the Appeal Board place almost complete stress on plaintiff's homosexual condition. Mr. Scanlon, Director of ISCRO, frankly admitted on deposition that it was conceivable that an on-going homosexual might be granted clearance, but that he could not think of a single case where clearance had been granted. Considering the fact that Mr. Scanlon's experience with the Industrial Security Clearance Program dates back to 1953, a period of almost twenty years, we can only conclude that the Determinations in this case reflect a well-settled policy of ISCRO at every level to deny clearance to admitted on-going homosexuals. This prejudgment effectively deprived plaintiff of his right to a fair and impartial hearing and restricted his constitutional rights of due process.

■■ *Second,* in order to deny clearance to an admitted on-going homosexual (not to mention fornicators, adulterers, and those who offend in other ways the mores of our Judeo-Christian tradition), there must be proof of a nexus or of a rational connection between such condition and the ability to safeguard classified information. In the administration of Department of Defense Directive 5220.6, it appears that the significance of the "sexual perversion" element of Criterion P rests on an accepted belief that such persons may be subject to blackmail which may cause them to disclose such classified information. See Criterion S, *supra.* Aside from the fact that plaintiff is an admitted homosexual who expects to continue such acts in the future, no evidence was presented of "[a]ny facts and circumstances which furnish reason to believe that the individual may be subjected to coercion, influence or pressure which may be likely to cause action contrary to the national interest." Criterion S, *supra.* And certainly in the context of this case, plaintiff's admitted homosexuality does not furnish such reason.

To begin with, plaintiff has not hidden the fact that he is a homosexual. Throughout the administrative hearings plaintiff was represented by a prominent member of the Mattachine Society, and plaintiff himself issued press releases disclosing the fact that the hearings

concerned his homosexual condition. Reports of the hearings were carried in the New York Times and the Wall Street Journal. Plaintiff's homosexuality was known to his aunt and his mother, both of whom expressed their support. Such facts also became known to plaintiff's associates at work and to his employer. Following the Wall Street Journal article of July 17, 1968, and up to August, 1969, the time of the second hearing, plaintiff received two pay raises from his employer.

Additionally, the federal government has entrusted plaintiff with classified security information for some thirteen years. Plaintiff spent three years in the Air Force where he had a TOP SECRET clearance and has worked ten years with his present employer where he holds a SECRET clearance. Throughout this period there has never been the slightest suggestion that plaintiff has violated any regulations concerning the safeguarding and protection of classified information.

Thus, there is no rational connection in this case between plaintiff's admitted homosexual activity and the conclusion that such activity renders him a likely subject of coercion.

■■ *Finally*, at the second hearing, plaintiff over objection was required to respond to a shocking array of questions concerning the most intimate details of his sex life. As we said in Gayer v. Laird, 332 F.Supp. 169, 171 (D.D.C. 1971) and Ulrich v. Laird, Civil Action No. 203–71 (D.D.C., September 28, 1971), slip opinion at 3, "In normal circumstances, there is a right under the First Amendment for an individual to keep private the details of his sex life, and this applies to homosexuals, professed or otherwise." In order to justify such an intrusion, there must be proof of a nexus between the information sought to be elicited and the ability to protect classified information. No such connection was supplied. The Determinations in this case were based on at least one evidentiary hearing, where plaintiff's First Amendment rights to privacy were flagrantly violated. Such violation tainted the fairness of the entire administrative proceedings.

For the foregoing reasons we hold that defendants have denied plaintiff his right to a fair and impartial determination and have withdrawn his security clearance without laying a proper basis for such withdrawal. An order consistent with the foregoing has been entered this day.